UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRANDON BARBOUR,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER S. PRATT; DAVID O. LEAVITT; and UTAH COUNTY JUSTICE COURT,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:25-cv-00168<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Brandon Barbour filed this action against police officer S. Pratt, former Utah County Attorney David O. Leavitt, and the Utah County Justice Court, alleging various civil rights violations.[1] The court temporarily granted Mr. Barbour's motion to waive the filing fee and stayed the case for screening.[2] As detailed below, Mr. Barbour's complaint fails to state a plausible claim for relief. Prosecutorial immunity bars his individual-capacity claims against Mr. Leavitt, he fails to establish municipal liability for his official-capacity claims against Mr. Leavitt and Officer Pratt, his individual-capacity claims against Officer Pratt lack supporting factual allegations, and the Utah County Justice Court is not a suable entity under § 1983. However, as explained below, Mr. Barbour is permitted to file an amended complaint by July 9, 2025.

---

[1] (*See* Compl., Doc. No. 1.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 5.)

The court, again, temporarily grants Mr. Barbour's motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[4] In determining whether a complaint fails to state a claim for relief under § 1915, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But a court need not accept a plaintiff's conclusory allegations as true.[8] "A plaintiff must offer specific factual allegations to

---

[3] (Doc. No. 2.)

[4] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

support each claim,"[9] and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]

      Because Mr. Barbour proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12] For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[14] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

---

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation modified).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (citation modified).

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation modified).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation modified).

## BACKGROUND

Using a form civil rights complaint, Mr. Barbour brought this action under 28 U.S.C. § 1983, alleging the defendants violated his civil rights in various ways.[16] Mr. Barbour checked boxes on the form complaint indicating he is suing Officer Pratt and Mr. Leavitt in their individual and official capacities, and the justice court in its official capacity.[17] Mr. Barbour's allegations relate to two incidents, which he recounts in his complaint as follows.

First, in September 2022, Mr. Barbour "was pulled over by Officer Pratt who claimed [Mr. Barbour] was speeding and stated [Mr. Barbour] was doing 50mph in a [] 35mph zone."[18] Mr. Barbour alleges Officer Pratt "falsely claim[ed] that Mr. Barbour was speeding," and "intentionally lied on a police report to issue a false citation."[19] During an ensuing court proceeding,[20] Mr. Leavitt (the prosecutor) offered Mr. Barbour a plea deal, which Mr. Barbour contends was "based off of [Officer Pratt's] testimony[,] not evidence."[21] Mr. Barbour also alleges Mr. Leavitt "wait[ed] until a week before the trial

---

[16] (*See generally* Compl., Doc. No. 1.)

[17] (*See id.* at 2.)

[18] (*Id.* at 4.)

[19] (*Id.* at 7.)

[20] Mr. Barbour does not explain whether the court proceeding pertained to the speeding citation or another offense.

[21] (Compl., Doc. No. 1 at 4.)

to dismiss the case" while "knowing all along that there was insufficient evidence to proceed."[22]

Second, Mr. Barbour alleges that in January 2023, "the Utah County Justice [C]ourt sent [a] notice of warrant with intentional [mis]information regarding [the] reason for [the] warrant."[23] Mr. Barbour also alleges justice court staff "[i]ntentionally provide[d] incorrect information to the Driver's License Division, leading to additional criminal charges and fines."[24] These allegations do not appear to be related to Mr. Barbour's claims against Officer Pratt and Mr. Leavitt.

On the section of the complaint form inviting Mr. Barbour to identify which of his federal rights were violated, Mr. Barbour wrote: "Probable cause under the 4th Amendment, Search and seizure under the 4th Amendment, Malicious prosecution, Due process violation, Equal Protection Violation, Intentional Misconduct."[25] Mr. Barbour does not explain which defendants violated which rights.

## ANALYSIS

Mr. Barbour cites 42 U.S.C. § 1983 as the basis for his claims.[26] Section 1983 provides a recovery mechanism for violations of federal rights in certain

---

[22] (*Id.* at 8.)

[23] (*Id.* at 4.)

[24] (*Id.* at 8.)

[25] (*Id.* at 3.)

[26] (*See id.*)

5

circumstances.[27]  "To establish a cause of action under [§] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[28]  As explained below, Mr. Barbour fails to state a § 1983 claim.  Prosecutorial immunity bars his individual-capacity claims against Mr. Leavitt, he fails to allege municipal liability for his official-capacity claims against Mr. Leavitt and Officer Pratt, his individual-capacity claims against Officer Pratt lack supporting factual allegations, and the Utah County Justice Court is not a suable entity under § 1983.

I. Mr. Barbour fails to state a claim against Mr. Leavitt.

a. *Individual-capacity claims*

First, to the extent Mr. Barbour is suing Mr. Leavitt in his individual capacity, these claims are barred by prosecutorial immunity.  "State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions."[29]  This protects prosecutors' "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the

---

[27] *See* 42 U.S.C. § 1983; *see also Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (describing § 1983 generally).

[28] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[29] *Carbajal v. McCann*, 808 F. App'x 620, 631 (10th Cir. 2020) (unpublished) (citation modified); *see also Blair v. Osborne*, 777 F. App'x 926, 929 (10th Cir. 2019) (unpublished) ("Prosecutorial immunity bars claims for damages against a prosecutor sued in her individual capacity.").

court."[30]  Prosecutors enjoy such immunity "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."[31]

As noted above, Mr. Barbour claims Mr. Leavitt violated his civil rights by "offer[ing] a plea deal without properly reviewing the evidence" and by waiting "until a week before the trial to dismiss the case" while "knowing all along that there was insufficient evidence to proceed."[32]  Because these activities are intimately associated with the judicial process, they are protected by prosecutorial immunity.[33]  To the extent Mr. Barbour asserts a malicious prosecution claim against Mr. Leavitt,[34] prosecutorial immunity also bars such a claim.[35]  In sum, Mr. Barbour's claims against Mr. Leavitt in

---

[30] *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

[31] *Carbajal*, 808 F. App'x at 631 (citation modified).

[32] (Compl., Doc. No. 1 at 8.)

[33] *See Stein v. Disciplinary Bd.*, 520 F.3d 1183, 1194 (10th Cir. 2008) ("Deciding whether to bring charges—which necessarily includes an evaluation of whether there has been sufficient investigation to support charges—is a quintessential prosecutorial function protected by absolute immunity."); *Arnold v. McClain*, 926 F.2d 963, 967 (10th Cir. 1991) (noting plea negotiations are protected by absolute prosecutorial immunity); *Chacon v. Watson*, No. CIV 03-438, 2004 U.S. Dist. LEXIS 28252, at *21 (D.N.M. May 6, 2004) (unpublished) ("A prosecutor's decision regarding dismissal of charges is entitled to absolute prosecutorial immunity because it is intimately associated with the judicial phase of the criminal process." (citation modified)).

[34] (*See* Compl., Doc. No. 1 at 3 (listing "Malicious prosecution" in the section of the complaint form inviting Mr. Barbour to identify which of his federal rights were violated, without identifying a defendant).)

[35] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding prosecutors are absolutely immune from malicious prosecution claims).

his individual capacity are barred by prosecutorial immunity, based on the conduct alleged in the complaint.[36]

### b. Official-capacity claims

Mr. Barbour's official-capacity claims against Mr. Leavitt fail because Mr. Barbour does not establish municipal liability. Claims against municipal prosecutors in their official capacities are effectively claims against the municipality.[37] "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[38] "Instead, the government as an entity may only be held liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[39] There are three requirements for municipal liability under § 1983: "(1) the existence of an official policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury; and (3) that the defendant established the policy

---

[36] Where Mr. Barbour's allegations relate to prosecutorial activities during Mr. Leavitt's tenure as the Utah County Attorney, it is immaterial that Mr. Leavitt is no longer the Utah County Attorney. *See, e.g., Heide v. Satterfield*, No. 21-3111, 2021 U.S. Dist. LEXIS 102315, at *5–6 (D. Kan. June 1, 2021) (unpublished) (dismissing claims against former county prosecutor on prosecutorial immunity grounds).

[37] *See Watson*, 857 F.2d at 695 ("A [§ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

[38] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (citation modified).

[39] *Id.* (citation modified).

with deliberate indifference to an almost inevitable constitutional injury."[40] The "municipal policy or custom" may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[41]

Mr. Barbour fails to allege the existence of an official policy or custom giving rise to a constitutional injury. His allegations relate solely to the actions of an individual prosecutor; he does not allege these actions resulted from any formal policy, informal custom, or failure to train—or that they were ratified by final policymakers. Further, he fails to allege any underlying constitutional violation. Therefore, Mr. Barbour fails to state a claim for municipal liability under § 1983.

II.     Mr. Barbour fails to state a claim against Officer Pratt.

Mr. Barbour's official-capacity claims against Officer Pratt fail because—as with Mr. Leavitt—Mr. Barbour does not identify any official policy or custom giving rise to a

---

[40] *Soto v. Bd. of Cnty. Comm'rs of Caddo Cnty.*, 748 F. App'x 790, 793–94 (10th Cir. 2018) (unpublished).

[41] *Waller*, 932 F.3d at 1283 (citation modified).

constitutional injury.[42]  Mr. Barbour also fails to state an individual-capacity claim against Officer Pratt.  Mr. Barbour contends Officer Pratt violated his civil rights by "falsely claim[ing] that Mr. Barbour was speeding" and "intentionally [lying] on a police report to issue a false citation."[43]  But Mr. Barbour offers no factual development or explanation supporting these conclusory allegations.[44]  The same is true of Mr. Barbour's vague references to "Probable cause under the 4th Amendment, Search and seizure under the 4th Amendment, Malicious prosecution, Due process violation, Equal Protection Violation, [and] Intentional Misconduct" (to the extent these phrases relate to claims against Officer Pratt).[45]  To state a claim in federal court, Mr. Barbour "must offer specific factual allegations to support each claim."[46]  Mr. Barbour's unsupported and conclusory allegations that Officer Pratt violated his civil rights are insufficient.

---

[42] *See Fisher v. Koopman*, 693 F. App'x 740, 746 (10th Cir. 2017) (unpublished) ("An official capacity suit against a municipal official like a police officer is treated as a suit against the municipality.").

[43] (Compl., Doc. No. 1 at 7.)

[44] *See Blackfeather v. Wheeler*, 623 F. App'x 907, 910 (10th Cir. 2015) (unpublished) (affirming dismissal under § 1915 because "in the absence of any well-pleaded factual contentions giving rise to the plausible inference that the police officers falsified their reports, the district court was not required to accept [the plaintiff's] conclusory allegations as true" (citation modified)).

[45] (Compl., Doc. No. 1 at 7 (providing the above-quoted list in the section of the complaint form inviting Mr. Barbour to identify which of his federal rights were violated, without identifying a defendant).)

[46] *Kan. Penn Gaming, LLC*, 656 F.3d at 1214; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)).

III.     Mr. Barbour fails to state a claim against the Utah County Justice Court.

Next, Mr. Barbour alleges the Utah County Justice Court "sent [a] notice of warrant with intentional [mis]information regarding [the] reason for [the] warrant."[47] But § 1983 only permits suits against a "person."[48] Because the Utah County Justice Court is not a person, it is not subject to suit under § 1983.[49] To the extent Mr. Barbour's claim against the Utah County Justice Court could be construed as a claim against Utah County,[50] Mr. Barbour fails to establish municipal liability. He does not identify any policy or custom giving rise to a constitutional injury.[51]

Finally, to the extent Mr. Barbour is attempting to sue an unidentified staff member of the Utah County Justice Court for "[i]ntentionally provid[ing] incorrect information to the Driver's License Division,"[52] this vague allegation is insufficient to

---

[47] (*See* Compl., Doc. No. 1 at 4.)

[48] *See* 42 U.S.C. § 1983 (providing a cause of action against a "person" who violates an individual's civil rights).

[49] *See Allan v. Hanson*, No. 1:22-cv-00117, 2023 U.S. Dist. LEXIS 144835, at *20 (D. Utah July 26, 2023) (unpublished) (dismissing claim against Davis County Justice Court because justice courts "are entities not capable of being sued" (citation modified)); *Burbank v. U.S. Dist. Ct.*, No. 2:04-cv-00742, 2006 U.S. Dist. LEXIS 33086, at *8–9 (D. Utah Mar. 30, 2006) (unpublished) (dismissing claim against the Uintah County Justice Court because "county courts [are not] 'persons' subject to suit under § 1983").

[50] *See Burbank*, 2006 U.S. Dist. LEXIS 33086, at *8 ("Counties are persons subject to suit under § 1983.").

[51] (*See infra* section I.b.); *Waller*, 932 F.3d at 1283 (describing municipal liability standard in the context of a § 1983 suit against a county).

[52] (*See* Compl., Doc. No. 1 at 8.)

state a claim.[53]  Mr. Barbour does not explain what information was provided, who provided it, how the information was incorrect, or how provision of the information resulted in "additional criminal charges and fines."[54]

\* \* \*

For these reasons, Mr. Barbour's complaint is subject to dismissal.[55] Nevertheless, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[56]  Accordingly, Mr. Barbour will be given an opportunity to amend his complaint.

## CONCLUSION

1. Mr. Barbour may file an amended complaint by **July 9, 2025**.  The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Barbour is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[57]

---

[53] *See Iqbal*, 556 U.S. at 678.

[54] (*See* Compl., Doc. No. 1 at 8); *see also Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (noting absolute judicial immunity bars § 1983 claims against court staff whose duties have an "integral relationship with the judicial process" (citation modified)).

[55] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[56] *Kay*, 500 F.3d at 1217 (citation modified).

[57] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the

3.      Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[58]

4.      Other than an amended complaint, the restriction on filing other documents set forth in the court's March 6, 2025 order[59] remains in place.

5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 18th day of June, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

original complaint and renders the original complaint of no legal effect." (citation modified)).

[58] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202024.pdf [https://perma.cc/CSX4-8M5T].

[59] (Doc. No. 5.)