IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRANDON BARBOUR,<br><br>       Plaintiff,<br><br>v.<br><br>STEPHEN PRATT, UTAH COUNTY SHERIFF'S OFFICE, DAVID O. LEAVITT, AND DOUGLAS E. SMITH,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS ACTION<br><br><br>Case No. 2:25-cv-00168-JNP-DAO<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Magistrate Judge Daphne A. Oberg, after reviewing Plaintiff Brandon Barbour's amended complaint, issued a report and recommendation that the court dismiss this action under 28 U.S.C. § 1915(e)(2)(B). ECF No. 14 ("R. & R."); ECF No. 10 ("Am. Compl."). Barbour filed objections. ECF No. 16 ("Pl.'s Objs."). For the reasons below, the court OVERRULES the objections, ADOPTS Judge Oberg's report and recommendation in full, and DISMISSES the action.

## BACKGROUND

Proceeding pro se and in forma pauperis, Barbour initiated this civil rights action under 42 U.S.C. § 1983. ECF No. 1 ("Compl."). Judge Oberg dismissed the complaint for " fail[ure] to state a claim on which relief may be granted" but temporarily waived the filing fee pending the screening of any amended complaint. 28 U.S.C. § 1915(e)(2)(B)(ii); ECF No. 9 ("Mem. Decision & Order Permitting Am. Compl."). Shortly thereafter, Barbour filed an amended complaint, raising claims against the following defendants: Stephen Pratt, "a Utah County Sheriff's deputy"; Douglas

E. Smith, "a Deputy Utah County Prosecutor"; and Utah County Sheriff's Office, "a municipal entity responsible for the training, oversight, and supervision of . . . Pratt." (collectively, "Defendants"). Am. Compl. at 2.

The operative complaint alleges that Barbour was pretextually "pulled over" for speeding by Pratt, with "[d]ashcam footage confirm[ing that Barbour] was traveling between 45-50 mph in a 45 mph zone" and Pratt falsely claiming that Barbour was driving "in a 35 mph zone." *Id.* at 3. Barbour was "cited for speeding" and "spent about five months preparing a defense for trial," but "the prosecutor dismissed the case without explanation" before trial. *Id.* Because of a "missed court hearing related to the [speeding] citation," a "bench warrant was issued for [Barbour's] failure to appear" and his driver's license was suspended by the "Utah Driver License Division," which Barbour alleges was unlawful under applicable Utah law. *Id.* Based on these actions, Barbour allegedly experienced damages in the form of "[l]oss of income due to missed work for court appearances[,] . . . [t]ime and resources expended preparing his defense, . . . [e]motional distress, . . . [and l]oss of standing in his community and employment environment." *Id.* at 4. Based on these factual allegations, Barbour asserts six "causes of action" and five "claims of relief" that involve related legal theories. *Id.* at 4–7.

Judge Oberg carefully reviewed Barbour's federal claims brought under 42 U.S.C. § 1983 and concluded that none were adequately pled based on the following reasons: (1) "Barbour does not plausibly allege [that] Pratt violated his federal rights[] and . . . does not assert facts supporting municipal liability related to the traffic stop"; (2) "the Utah County Sheriff's Office is not a suable entity"; (3) "the amended complaint contains no allegations related to . . . Leavitt"; and (4) "prosecutorial immunity bars the claims against . . . Smith." *Id.*; R & R at 9–24. After concluding that Barbour's federal claims should be dismissed with prejudice because amendment

2

would be futile, she recommended that "the court . . . decline to exercise jurisdiction over his state law claims" and dismiss these claims without prejudice. R & R at 24–25.

Barbour objects to Judge Oberg's report and recommendation on several grounds. Pl.'s Objs. He contends that Judge Oberg's conclusion that his amended complaint failed to state a federal claim rested on the following errors: (1) improperly resolving factual disputes at the screening stage and applying an incorrect pleading standard; (2) applying an erroneous Fourth Amendment analysis; (3) improperly applying qualified immunity; (4) improperly applying prosecutorial immunity; (5) applying an improper standard for municipal liability. *Id.* at 2–3. He further contends that Judge Oberg's determination that his federal claims should be dismissed with, rather than without, prejudice constituted an abuse of discretion. *Id.* at 3.

## LEGAL STANDARD

The court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). Under the applicable screening statute, "the court shall dismiss the case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). This statute implicates the "same standard" that it used for "for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although the court "construe[s] [Barbour's] complaint liberally," it must contain "specific allegation[s]" that "plausibly support a legal claim for relief." *Id.* at 1218 (citation modified).

## DISCUSSION

In light of Barbour's objections, the court reviews de novo whether Barbour's federal claims are adequately pled and, if not, whether they should be dismissed with or without prejudice.

3

Because all the federal claims are brought under § 1983, the relevant inquired is whether Barbour "allege[d] (1) deprivation[s] of a federal right by (2) . . . person[s] acting under color of state law." *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). After analyzing the claims defendant-by-defendant and then analyzing whether amendment would be futile, the court concurs with Judge Oberg's analysis and, accordingly, adopts her report and recommendation in full.[1]

## I.   Pratt

The court begins with analyzing Barbour's § 1983 claims against Pratt, which are brought against Pratt in both an individual and an official capacity. *See* Am. Compl. at 4–7.

### A.   Individual Capacity

Barbour's individual capacity § 1983 claims against Pratt involves four alleged constitutional violations: (1) an "[u]nlawful [s]top and [c]itation" under the Fourth Amendment; (2) a "[d]ue [p]rocess" violation under the Fourteenth Amendment; (3) "[r]etaliation and [a]buse of [p]rocess"; and (4) "[m]alicious [p]rosecution." *Id.* at 6. However, as Judge Oberg concluded, none of these violations are adequately pled in the operative complaint. *See* R. & R. at 12–17.

#### 1)   Unlawful Traffic Stop

The traffic stop was permissible under the Fourth Amendment if Pratt "ha[d] 'reasonable suspicion—that is, a particularized and objective basis for suspecting the particular person stopped

---

[1] And to the extent that the objections encompass Judge Oberg's recommendation that the court should decline to exercise jurisdiction over Barbour's remaining state-law claims and dismiss these claims without prejudice, the court fully agrees with Judge Oberg's analysis. *See* R. & R. at 25; *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and *usually should*, decline to exercise jurisdiction over any remaining state claims.") (emphasis added).

4

of breaking the law.'" *United States v. Gomez-Arzate*, 981 F.3d 832, 838 (10th Cir. 2020) (quoting

*Heien v. North Carolina*, 574 U.S. 54, 60 (2014)). The question of "[w]hether reasonable suspicion

exists is an objective inquiry determined by the totality of the circumstances, and an officer's

subjective motivation for the stop plays no role in ordinary reasonable suspicion Fourth

Amendment analysis." *United States v. Salas*, 756 F.3d 1196, 1201 (10th Cir. 2014) (citation

modified). The court concludes that Barbour has failed to plausibly allege that Pratt lacked

reasonable suspicion because his operative complaint admits that "[he] was traveling between 45–

50 mph in a posted 45 mph zone," which suggests that Pratt had a sufficient basis to conclude that

Barbour had broken the law. Am. Compl. at 3. *See* R. & R. at 12–13 (further elaborating on this

analysis).

In response, Barbour argues that "[w]here an officer manufactures or falsifies the factual

basis for a stop, the stop is unreasonable under the Fourth Amendment." Pl.'s Objs. at 3. But the

operative complaint only alleges that "Pratt's radar reading and report were factually inaccurate."

Am. Compl. at 3. These allegations are perfectly consistent with the possibility that Pratt merely

made a "reasonable mistake of fact" and did not violate the Fourth Amendment. *United States v.*

*Harmon*, 742 F.3d 451, 456 (10th Cir. 2014); *United States v. Fowler*, 402 F. Supp. 2d 1338, 1340–

41 (D. Utah 2005). Barbour must allege specific facts that "nudge[] [his] claim[] across the line

from conceivable to plausible" and he has simply failed to do so with respect to the alleged Fourth

Amendment violation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    2)  Due Process

Barbour's due process claim is based on the suspension of his driver's license "without

notice, hearing, or valid adjudication" and the failure of the prosecution "to recognize the

insufficiency of evidence." Am. Compl. at 4–6. However, as Judge Oberg concluded, none of these

allegations involve Pratt's "personal participation in the [allegedly] unlawful acts" as required for § 1983 liability. *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005); R. & R. at 14. Thus, the due process claim against Pratt is not adequately pled.

### 3)  Retaliation and Abuse of Process

Judge Oberg found that the retaliation and abuse of process claim against Pratt was inadequately pled because "there are no allegations of any conduct by . . . Pratt relating to retaliation or abuse of process." R. & R. at 15. The court agrees and Barbour does not suggest otherwise in his objections. *See* Am. Compl. at 6 (raising no allegations that Pratt engaged in retaliation or abuse of process). Therefore, the retaliation and abuse of process claim against Pratt is also pled inadequately.

### 4)  Malicious Prosecution

Barbour's malicious prosecution claim against Pratt requires him to allege facts supporting the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages." *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (citation modified). Judge Oberg found that "Barbour fail[ed] to allege facts sufficient to support the third and fourth elements" with respect to Pratt, and the court agrees. R. & R. at 16. As numerous courts have found, "[t]ravelling over the presumptive speed limit is probable cause of a speeding violation." *See, e.g.*, *United States v. Dexter*, 602 F. Supp. 3d 244, 252 (D.N.H. 2022), *aff'd*, No. 22-1793, 2023 WL 6061353 (1st Cir. Sept. 18, 2023); *United States v. Carter*, 662 F. App'x 342, 346 (6th Cir. 2016). And while there is some confusion as to what constitutes malice in this context, there are no well-pled facts indicating malice under any plausible standard. *See Reeves v. Chafin*,

547 F. Supp. 3d 1056, 1076–79 (D.N.M. 2021). Consequently, the operative complaint fails to plead a malicious prosecution claim.

B.      Official Capacity

Next, the court addresses Barbour's § 1983 claim against Pratt in his official capacity, which is "the same" as a § 1983 claim against Utah County. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988); Am. Compl. at 6. Judge Oberg concluded that this claim is inadequately pled because "Barbour does not allege facts supporting municipal liability." R. & R. at 17–20. The court agrees because the operative complaint neither "identif[ies] 'a government's policy or custom' that caused [Barbour's] injur[ies]" nor alleges that Utah County acted with "deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). Barbour, in his objections, correctly notes that "[t]here is no heightened pleading standard for municipal liability under § 1983" and that he need not present "proof" at this stage. Pl.'s Objs. at 3 (bolding omitted). But, as Judge Oberg concluded, Barbour has failed to plausibly allege the requisite elements for municipal liability. *See* R. & R. at 18–19. And Barbour does not offer any arguments suggesting otherwise. Accordingly, the official capacity claim against Pratt is inadequately pled.

## II.     Utah County Sheriff's Office

As Judge Oberg concluded, Barbour does not adequately plead a § 1983 claim against the Utah County Sheriff's Office because the Utah County Sheriff's Office "is not an independent legal entity that can be sued under [§] 1983." *Nugent v. Davis Cnty. Sheriff's Off.*, No. 1:21-CV-86-HCN, 2022 WL 1978728, at *1 (D. Utah June 6, 2022); R. & R. at 20. Barbour does not contend otherwise. To the extent that this claim should be construed as a § 1983 claim against Utah County,

7

Barbour fails to plausibly allege the necessary elements for municipal liability for the reasons discussed above.

### III.   Leavitt

Even though the operative complaint identifies Leavitt as a defendant, it otherwise fails to even mention Leavitt. *See* Am. Compl. Thus, to the extent Barbour even purports to bring a § 1983 claim against Leavitt, it is inadequately pled. *See* R. & R. at 21 (reaching the same conclusion and explaining that the inclusion of Leavitt in the caption may be an inadvertent holdover from the original complaint).

### IV.   Smith

Barbour raises various allegations against Smith as the prosecutor involved in his criminal case, contending that he "proceeded without probable cause," "offered plea deals before reviewing the evidence," and "[f]ail[ed] to recognize the insufficiency of [the] evidence." Am. Compl. at 4. But, as Judge Oberg concluded, these factual allegations are insufficient to plead a § 1983 claim against Smith in his individual capacity because "[s]tate prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions." *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (citation modified); R. & R. at 23–24.

Barbour argues, in response, that the alleged conduct "plausibly falls outside advocative functions," rendering prosecutorial immunity doctrine inapplicable. Pl.'s Objs. at 2–3. However, the allegations against Smith are based on his "decision[] to prosecute," his "evaluation of evidence," and his "activities in the plea bargaining context," which are all firmly connected to the judicial process and protected by prosecutorial immunity. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1209 (10th Cir. 2022) (citation modified); *Gess v. USMS & 10th Cir. Dist. Ct.*, No. 20-CV-

8

01790-PAB-STV, 2021 WL 423436, at *5 (D. Colo. Feb. 5, 2021). Accordingly, the § 1983 claim against Smith is inadequately pled in light of prosecutorial immunity.

## V.       Prejudice

Finally, the court must address whether Barbour's claims should be dismissed with or without prejudice. Here, the relevant question is whether "granting leave to amend would be futile." *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (quoting *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014)). Judge Oberg concluded that amendment would be futile because Barbour already had an opportunity to correct deficiencies in his original complaint that were identified by the court but failed to do so. R. & R. at 24; Mem. Decision & Order Permitting Am. Compl. at 5–10 (outlining deficiencies in the original complaint that have not been corrected). The court agrees. Barbour objects, arguing that "[d]ismissal with prejudice at the screening stage is appropriate only where futility is clear and certain, not speculative." Pl.'s Objs. at 3 (bolding omitted). But Barbour cites no legal authority for that proposition and fails to explain how he would cure the deficiencies in the operative complaint if given another opportunity to amend. Thus, Barbour's federal claims should be dismissed with prejudice.

## CONCLUSION AND ORDER

For the reasons above, the court OVERRULES Plaintiffs' objections and ADOPTS Judge Oberg's report and recommendation in full. Accordingly, the court ORDERS that Barbour's

federal-law claims are DISMISSED WITH PREJUDICE and his remaining state-law claims are

DISMISSED WITHOUT PREJUDICE.

DATED July 31, 2026

BY THE COURT

Jill N. Parrish
United States District Court Judge